UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STAT MEDICAL DEVICES, INC.,
a Florida corporation,

       Plaintiff,

  vs.

INTRINSYK LLC,
d/b/a INTRINSYK MEDICAL DEVICES LLC,
also d/b/a INTRINSYK
a Massachusetts limited
liability company,

and

PAUL R. FULLER,
an individual,

       Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, Stat Medical Devices, Inc. ("Plaintiff"), and files its Complaint against Defendants, Intrinsyk LLC, d/b/a Intrinsyk LLC, also d/b/a Intrinsyk ("Defendant Intrinsyk") and Paul R. Fuller ("Defendant Fuller") (collectively "Defendants"), as follows.

1.    This is an action for patent infringement pursuant to the Patent Laws of the United States, 35 U.S.C. §1, et seq, breach of contract under the Common Law of the State of Florida, as well as tortious interference with a business relationship under the Common Law of the State of Florida.

## The Parties

2. Plaintiff, Stat Medical Devices, Inc., is a corporation of the state of Florida having its principal address at 2065 N.E. 153 Street, North Miami Beach, Florida.

3. Upon information and belief, Defendant Intrinsyk is a limited liability company organized and existing under the laws of the state of Massachusetts, is registered to do business in at least New Hampshire, and has a principal address at 15 Emer Road #205 Salem, New Hampshire 03079.

4. Defendant Fuller was previously employed by Plaintiff from about December 8, 2004 through about June 11, 2013.

5. Upon information and belief, Defendant Fuller is a Principal, Officer, and/or Controlling Member of Defendant Intrinsyk and currently resides in New Hampshire.

## Jurisdiction and Venue

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1338(a).

7. Personal jurisdiction is established in this Court pursuant to Florida Statute §48.193 *et. seq.* as the tortious acts complained of herein were committed in the State of Florida, the property infringed is situated in the State of Florida, and the acts were directed at Plaintiff, an entity based in Florida.

8. Personal jurisdiction is also established in this Court as, upon information and belief, the Defendants have sufficient contacts in the State of Florida because the Defendants knowingly sell and/or offer to sell infringing products within the State of Florida.

9. Venue is properly established in this Court pursuant to 28 U.S.C. §1391(b), §1391(c), and §1400(b) as, upon information and belief, Defendants have sufficient contacts in

the Southern District of Florida to be deemed to reside in this Judicial District, and Defendants have engaged in acts of patent infringement within this Judicial District, said acts being the subject of this Complaint.

### Plaintiff's Patented Inventions

10. United States Patent No. 7,947,057 ("the '057 patent") was duly and legally issued on May 24, 2011 for a lancet having adjustable penetration depth. A true and accurate copy of the '057 patent is attached hereto as Exhibit A.

11. Plaintiff is the sole assignee and, as such, is the owner of all right, title, and interest in and to the '057 patent, and the '057 patent is valid and fully enforceable.

12. United States Patent No. 8,834,503 ("the '503 patent") was duly and legally issued on September 16, 2014 for a lancet having adjustable penetration depth. A true and accurate copy of the '503 patent is attached hereto as Exhibit B.

13. Plaintiff is the sole assignee and, as such, is the owner of all right, title and interest in and to the '503 patent, and the '503 patent is valid and fully enforceable.

### COUNT I – Infringement of the '057 Patent

14. Plaintiff incorporates by reference the allegations of paragraphs 1 through 13, inclusive, as if fully set forth in this paragraph.

15. Upon information and belief, Defendants, having notice and knowledge thereof, are and have been infringing independent claims 4, 5, and 9 of the '057 patent either literally or under the doctrine of equivalents by making, using, offering for sale, and/or selling in the United States, or by importing into the United States, including in this Judicial District, one or more

lancing devices, including the INTRINSYK POISE Lancing Device. Exhibit C includes a true and accurate copy of Defendants' webpage for its INTRINSYK POISE Lancing Device.

16. Plaintiff has never authorized or otherwise granted any right to Defendants to manufacture, use, offer for sale, sell, or otherwise distribute in the United States, or import into the United States, any lancing device under any claim of the '057 patent, including independent claims 4, 9, or 12.

17. Upon information and belief, Defendants had notice of the infringement and, as such, Defendants' infringement of independent claims 4, 5, and 9 of the '057 patent has been willful, wanton, and deliberate.

18. Upon information and belief, Defendants will continue to infringe independent claims 4, 5, and 9 of the '057 patent to the irreparable damage of Plaintiff, unless enjoined by the Court.

19. Upon information and belief, Defendant Fuller has been a motivating force behind the infringement of the '057 patent.

20. Plaintiff has no adequate remedy at law.

## COUNT II – Infringement of the '503 Patent

21. Plaintiff incorporates by reference the allegations of paragraphs 1 through 13, inclusive, as if fully set forth in this paragraph.

22. Upon information and belief, Defendants, having notice and knowledge thereof, are and have been infringing independent claims 1, 18, 25, 26, 32, 34, 36, 37, and 39 of the '503 patent either literally or under the doctrine of equivalents by making, using, offering for sale, and/or selling in the United States, or by importing into the United States, including in this

Judicial District, one or more lancing devices, including the INTRINSYK POISE Lancing Device. Exhibit C includes a true and accurate copy of Defendants' webpage for its INTRINSYK POISE Lancing Device.

23. Plaintiff has never authorized or otherwise granted any right to Defendants to manufacture, use, offer for sale, sell, or otherwise distribute in the United States, or import into the United States, any lancing device under any claim of the '503 patent, including independent claims 1, 18, 25, 26, 32, 34, 36, 37, and 39.

24. Upon information and belief, Defendants had notice of the infringement and, as such, Defendants' infringement of independent claims 1, 18, 25, 26, 32, 34, 36, 37, and 39 of the '503 patent has been willful, wanton, and deliberate.

25. Upon information and belief, Defendants will continue to infringe independent claims 1, 18, 25, 26, 32, 34, 36, 37, and 39 of the '503 patent to the irreparable damage of Plaintiff, unless enjoined by the Court.

26. Further upon information and belief, Defendant Fuller has been a motivating force behind the infringement of the '503 patent.

27. Plaintiff has no adequate remedy at law.

## COUNT III – Breach of Contract by Defendant Fuller

28. Plaintiff incorporates by reference the allegations of paragraphs 1 through 13, inclusive, as if fully set forth in this paragraph.

29. Defendant Fuller executed an Employment Agreement ("Employment Agreement") with Plaintiff on or about December 8, 2004. A true and accurate copy of the Employment Agreemnt is attached hereto as Exhibit D.

30. Paragraph 1 of the Employment Agreement states, in whole, "I do hereby agree that during the term of my employment and/or association with Stat, or at any time thereafter, I shall not communicate, divulge or use for the benefit of any other person, persons, partnership, proprietorship, association, corporation, or entity any knowledge, trade secrets, Confidential Information, or know-how concerning the systems of operation, programs, services, products, clients, employees, or practices of Stat pertaining to which may be communicated to me, nor shall I divert any business to competitors of Stat."

31. Paragraph 4 of the Employment Agreement states, in whole, "I further agree that upon the expiration or termination of any term of employment, service, or associate with Stat with which I am an employee, I shall refrain from any and all contacts with other employees, staff members, job-seekers or clients of Stat for any business or otherwise restricted purpose for a period of one (1) year immediately following such expiration or termination."

32. Additionally, Attorney Jonathan A. Heller, counsel for Plaintiff, sent a letter to Defendant Fuller on or about August 15, 2013 ("Heller Letter"), shortly after Defendant Fuller's employment with Plaintiff was terminated. A true and accuracte copy fo the Heller Letter is attached as Exhibit E.

33. The Heller Letter provided clear notice to Defendant Fuller of his obligation under the aforementioned paragraph 4 of the Employment Agreement.

34. Upon information and belief, at some time before the one-year anniversary of Defendant Fuller's employment termination, Defendant Fuller did knowingly contact Tom Gannon, then an employee of Plaintiff, in order to induce Mr. Gannon to terminate his employment relationship with Plaintiff.

35. Defendant Fuller therefore materially breached the Employment Agreement.

36. Upon information and belief, Defendant Fuller has and is currently communicating, divulging or using for the benefit of Defendant Intrinsyk, knowledge, trade secrets, confidential information, or know-how concerning the systems of operation, programs, services, products, clients, employees, or practices which Defendant Fuller learned while employed by Plantitff.

37. Upon information and belief, Defendant Fuller has and is currently diverting business to competitors of Plaintiff, including at least, Defendent Intrinsyk.

38. Therefore, Defendant Fuller has materially breached the Employment Agreement.

39. As a result of the foregoing breaches, Plaintiff has been damaged.

40. At all times material hereto, Plaintiff has performed its obligations under the Employment Agreement.

41. Plaintiff has no adequate remedy at law.

**COUNT IV – Tortious Interference with a Business Relationship by Defendant Fuller**

42. Plaintiff incorporates by reference the allegations of paragraphs 1 through 13, and 28 through 41, inclusive, as if fully set forth in this paragraph.

43. Tom Gannon was previously employed by Plaintiff until about July 2013.

44. Mr. Gannon's employment relationship with Plaintiff was the subject of a valid, oral contract as well as a continuing business expectancy.

45. Defendant Fuller, being at one time employed by Plaintiff, had knowledge of the employment relationship between Mr. Gannon and Plaintiff.

46. Upon information and belief, the interference by Defendant Fuller did induce Mr. Gannon to terminate his employment relationship with Plaintiff.

47. Further upon information and belief, Defendant Fuller improperly, intentionally, and unjustifiably interfered by having an improper reason, as well as, utilizing improper methods.

48. To wit, upon information and belief, Defendant Fuller contacted and induced Mr. Gannon to terminate his employment with Plaintiff, solely to leverage Mr. Gannon's intimate knowledge of Plaintiff's confidential and other trade secret information in order to facilitate infringement of the '057 and '503 patents.

49. Additionally, Defendant Fuller breached his own Employment Agreement with Plaintiff by contacting Mr. Gannon within the year following Defendant Fuller's termination of employment, thus utilizing improper means to contact Mr. Gannon.

50. The termination of employment relationship by Mr. Gannon has damaged Plaintiff.

51. Upon information and belief, Defendant Fuller persisted in his course of action, despite the knowledge that his conduct would result in damage to Plaintiff, or at least was highly likely to result in damage to Plaintiff.

52. Plaintiff has no adequate remedy at law.

**WHEREFORE,** Plaintiff requests:

A. That the Court find Defendant's aforesaid acts constitute infringement of independent claims 4, 5, and 9 of the '057 patent, either literally or under the doctrine of equivalents.

B. That the Court find Defendants' aforesaid acts constitute infringement of independent claims 1, 18, 25, 26, 32, 34, 36, 37, and 39 of the '503 patent, either literally or

under the doctrine of equivalents.

  C. That, pursuant to 35 U.S.C. §283, Defendants, and all of their agents, servants, employees, successors, assigns and all persons acting in concert or in active participation with Defendants, be preliminarily and permanently enjoined and restrained from making, using, offering to sell, and/or selling in the United States, and/or importing into the United States the INTRINSYK POISE Lancing Device and any other lancing device that infringes independent claims 4, 5, and 9 of the '057 patent or independent claims 1, 18, 25, 26, 32, 34, 36, 37, and 39 of the '503 patent, either literally or under the doctrine of equivalents.

  D. That Defendants be ordered to deliver up for destruction all INTRINSYK POISE Lancing Devices and any other lancing device that infringes independent claims 4, 5, and 9 of the '057 patent or independent claims 1, 18, 25, 26, 32, 34, 36, 37, and 39 of the '503 patent, either literally or under the doctrine of equivalents.

  E. That Defendants be enjoined from employing Mr. Gannon in connection with production, distribution, or sales of lancing devices.

  F. That Defendants be directed to file with this Court and serve upon Plaintiff within thirty (30) days after service of the injunction issued in this action a written report under oath setting forth in detail the manner in which the Defendants have complied with the injunction.

  G. That this Court order an accounting for damages to Plaintiff resulting from Defendant's infringement of independent claims 4, 5, and 9 of the '057 patent or independent claims 1, 18, 25, 26, 32, 34, 36, 37, and 39 of the '503 patent.

  H. That Plaintiff recover damages adequate to compensate for Defendant's infringement of independent claims 4, 5, and 9 of the '057 patent or independent claims 1, 18, 25, 26, 32, 34, 36, 37, and 39 of the '503 patent, calculated as not less than a reasonable royalty of

any financial or any other calculable benefit conferred upon Defendant as a result of Defendant's infringement.

  I. That the Court enter a declaration making this case exceptional within the meaning of 35 U.S.C. §285, based upon Defendant's deliberate, wanton, and willful infringement of independent claims 4, 5, and 9 of the '057 patent or independent claims 1, 18, 25, 26, 32, 34, 36, 37, and 39 of the '503 patent, and that Plaintiff recover its attorneys fees pursuant to 35 U.S.C. §285.

  J. That Plaintiff recover treble damages pursuant to 35 U.S.C. §284, based upon Defendant's deliberate, wanton, and willful infringement of independent claims 4, 5, and 9 of the '057 patent or independent claims 1, 18, 25, 26, 32, 34, 36, 37, and 39 of the '503 patent.

  K. The Plaintiff recover punitive damages based upon Defendants' Tortious Interference with Plaintiff's Business Relationship.

  L. That Plaintiff recover its taxable costs and disbursements herein.

  M. That Plaintiff recover both pre-judgment and post-judgment interest.

  N. That Plaintiff has such other and further relief as the Court deems just and proper.

                Respectfully submitted,

Dated: January 9, 2015        s/ W. John Eagan
                John Cyril Malloy, III
                jcmalloy@malloylaw.com
                Florida Bar No. 964,220
                Peter A. Matos
                pmatos@malloylaw.com
                Florida Bar No. 992,879
                Oliver A. Ruiz
                Florida Bar No. 524,786
                oruiz@malloylaw.com
                John Fulton, Jr.
                Florida Bar No. 173,800

jfulton@malloylaw.com
W. John Eagan
jeagan@malloylaw.com
Florida Bar No. 105,101
MALLOY & MALLOY, P.L.
2800 S.W. Third Avenue
Miami, Florida  33129
Telephone  (305) 858-8000
Facsimile  (305) 858-0008
